Ole Jesperson vs. Martin V. B. Phillips.

May 11, 1891.

**Negligence—Setting Fire.**—Evidence *held* sufficient to sustain a verdict that defendant was negligent in respect to a fire set by him to the grass on his farm.

Appeal by defendant from an order of the district court for Anoka county, *Hooker*, J., presiding, refusing a new trial after a verdict of $175 for plaintiff.

*Albert F. Foster*, for appellant.

*G. H. Wyman*, for respondent.

GILFILLAN, C. J. Action for setting fire to grass on defendant's farm, and so negligently watching and tending the same that the fire extended to and burned over plaintiff's farm, destroying hay, a building, and some fence. The only question in the case is, was the evidence sufficient to justify a verdict for plaintiff? It was abundant to prove that defendant started the fire,—as he claims, for a back fire to protect his property from a fire already raging near and threatening his farm. On the question of negligence the evidence was not so full, but we think it was such as to make a case for the jury. It appears that there was a wind blowing, and that the grass was very dry, so that the fire, when set, advanced very rapidly. To the north of defendant,—the direction in which the wind was blowing,—and extending to plaintiff's farm, was a marsh, covered with tall, dry grass. While defendant might, to protect his own property, start a back fire, it was his duty in doing so, if it was likely to do damage to others, to exercise such care and diligence in guarding it as an honest and prudent man would use to prevent such damage. It was evident from the condition of things that a fire set, unless guarded, would spread and injure others. It does not appear what care was taken, or that any was taken, to prevent that result.

Order affirmed.